ANGELO GANDOLFO, as Administrator of the Estate of ANNA GANDOLFO, Deceased, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Kings County, December 3, 1942.

*G. W. & W. M. Winans* for plaintiff.

*William C. Chanler, Corporation Counsel,* for defendant.

NOVA, J. In a snow and ice case, which it is alleged resulted in a death, it is sought to examine before trial, pursuant to the newly amended section 292-a of the Civil Practice Act (L. 1942, ch. 830), the Department of Sanitation and the Police Department concerning the condition of the street for two weeks prior to the accident wherein the deceased is alleged to have slipped and fallen; the failure of other owners, lessees or tenants to remove snow and ice from the sidewalk for said period; the failure of employees of the city of New York to remove or

attempt to remove snow and ice from such sidewalk for such period; the action of the Department of Sanitation in removing snow and ice not from the sidewalk but from the roadway in front of said sidewalk for such period; the fact that police officers of the Police Department of the City of New York were assigned to patrol the beat,' which included this scene, for a period of two weeks prior to the accident; and a description of the tour of duties of such police officers at the scene for such period.

Mindful of the liberality of construction intended for the new section 292-a of the Civil Practice Act and also such liberality of examination before trial as a death action should warrant, nevertheless to allow such an examination before trial as is here sought would have the effect of invading the province of an adversary's case. While these matters may be interpreted to be material and necessary to the plaintiff's case, they at the same time are in anticipation of the city's defense. Furthermore, such an examination would have the effect of proving the plaintiff's case by the process of elimination, and there is a further evil not only of delving into the confidential records of the Police Department of the city, but also of attempting to use by this process of elimination defendant's witnesses, if their testimony should prove valuable, in aid of the plaintiff's case. The general scope of such an examination as is here sought sifts the weight and quality of the testimony of the defendant's witnesses, eliminating those not helpful and resulting in the use of those who are helpful to the plaintiff's case.

For these reasons the court feels constrained against establishing too liberal a precedent in the construction of the discretion allowed by section 292-a of the Civil Practice Act.

Since this is a death action, the plaintiff is entitled to examine the persons mentioned in the notice as to item 5, that is, the catch-all question relating to all relevant and competent facts and circumstances concerning the accident. Let such examination proceed at Special Term, Part II, of the Supreme Court, Kings County, in Room 305E of the Municipal Building, Brooklyn, on such date and at such hour as is fixed by the order to be entered herein, which shall be on notice.